Mr. Justice Clayton
delivered the opinion of the court.
This was an action of covenant upon a sealed instrument, by which the defendants below, the now plaintiffs in error, promised to pay four months afterdate to William H. Bayliss, or order, five hundred dollars, with interest from date.” It was assigned by Bayliss to Trigg & Chester.
The defendants, besides the plea of payment, filed a special plea, in which it was averred, that the said instrument, though made payable to Bayliss upon its face, was in reality due to the Hernando Bank, and was by agreement to be paid in the bills of said bank, and that on the 16th of November, 1840, they tendered the amount in bills of said bank to the plaintiffs, and that the defendants bring said sum and all interest into court, ready to be paid to said plaintiffs.
A demurrer was filed to this plea. Among the causes assigned were the following: “ That the plea does not aver that the defendants were always ready to pay the said bills from the time of the tender,” and “that it does not aver the tender was made on the day of the maturity of said instrument.” It became due in May, 1840.
Both these objections to the plea are good. The plea must aver a continual state of readiness to pay, or it is bad upon demurrer. Peck. R. 212: 5 Yerg. 414. Although the defendant under such averment may not be able to show its truth, yet its introduction enables the plaintiff to show, if the fact be so, that upon a subsequent demand, the defendant had failed to pay, which would defeat the defence. 5 Yerg. R.
The plaintiffs were entitled to the Hernando Bank bills, taking the plea to be true, on the day the obligation became payable. The same nominal amount six months afterwards, in such bills, might be of much less value. In an action of covenant of this kind, the measure of damages must be the value of the article at the time of the breach, not its value six months afterwards. The rights of the parties become fixed on that day. The demurrer was therefore properly sustained. Gordon v. Parker, 2 S. & M. 495.
It is said, in argument, that though this might be true at com *646 mon law, yet that the act of 1840 forbids assignments by banks, and permits payment of debts due to banks to be made under all circumstances in their own issues, and that this varies the common law rule. It may be a matter of much doubt, whether it would be admissible in a court of law, to prove that the obligation did not originally belong to Bayliss, but to the bank. See Fox v. Horah, 1 Ired. Eq. R.; and Wilson v. Spencer, 1 Rand. But even if this could be done, the statute directs that after assignment the suit shall abate upon the plea of the defendant. This court has decided that the proper mode to make the defence is by plea in abatement. Planters Bank v. Sharp, 4 S. & M. 17. The parties, therefore, by permitting the suit to be conducted by the plaintiffs as assignees of Bayliss, without question of their character in this particular by proper plea, have admitted their .right to sustain the suit in that character. As this was not controverted in the proper mode, it cannot now be reached.
There is no bill of exceptions in the cause, nor was any charge asked of the court, nor any request of leave to amend.
The judgment is affirmed.